IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2017

**STATE OF TENNESSEE v. JARVIS D. COHEN**

**Appeal from the Criminal Court for Shelby County**
**Nos. 98-10932-35; 98-05756-60; 98-10946     John W. Campbell, Judge**

_____

**No. W2016-01320-CCA-R3-CD**
_____

The Defendant, Jarvis D. Cohen, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the denial of the Defendant's Rule 36.1 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and J. ROSS DYER, JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Jarvis D. Cohen.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Defendant confessed to killing Mr. Choong Rau while in the process of robbing Bryan's Grocery Store on February 6, 1998. See Jarvis D. Cohen v. State, No. W2002-00828-CCA-R3-PC, 2003 WL 21339278, at *1 (Tenn. Crim. App. May 15, 2003), perm. app. denied (Tenn. Oct. 6, 2003). At the same time that he pled guilty to felony murder for the killing of Mr. Rau, the Defendant pled guilty to attempted first degree murder, two counts of especially aggravated robbery, eight counts of aggravated robbery, two counts of attempted aggravated robbery, two counts of aggravated assault, and one count of possession of marijuana with the intent to sell or deliver, arising from other indictments. Id. The Defendant was sentenced to life for the felony murder conviction, twenty years for the attempted first degree murder, twenty years for each

count of especially aggravated robbery, twelve years for each count of aggravated robbery, six years for each count of attempted aggravated robbery, six years for each count of aggravated assault, and one year for possession of marijuana with the intent to sell or deliver, with all sentences to run concurrently for an effective life sentence. Id.

On August 24, 2015, the Defendant filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In his motion, the Defendant contended that he was released on bond when he committed some of the offenses, and, therefore, the trial court was required to impose consecutive sentencing on those sentences.

On January 11, 2016, the State filed a response to the Defendant's motion. In its response, the State gave a detailed recitation of the facts underlying the Defendant's numerous charges and acknowledged that eight of the indictments against the Defendant related to incidents occurring when the Defendant was out on bond and that those sentences should have been run consecutively to one another. However, the State asserted that the Defendant failed to show that the concurrent sentencing was a material component of the plea agreement. The State later filed an amended response on March 28, 2016, asserting the same argument.

The trial court held a hearing on May 20, 2016, at which the Defendant testified that concurrent sentencing in all of his cases was a material part of why he entered into the plea agreement.

After the hearing, the trial court issued an order denying the Defendant's motion. The trial court reviewed the history and timeline of the numerous offenses to which the Defendant pled guilty on August 27, 1999. The court acknowledged that it appeared that the Defendant was on bond when he committed some of his crimes and, therefore, the Defendant received an illegal sentence with regard to the offenses committed while on bond. However, the court noted that the Tennessee Supreme Court had recently, in State v. Wooden, 478 S.W.3d 585 (Tenn. 2015), applied habeas corpus analysis to Rule 36.1 claims. The court held that under habeas corpus rules, a claim that a defendant had received a concurrent sentence when consecutive sentencing was required was not an actionable claim. The court denied the Defendant's Rule 36.1 motion because his alleged illegal sentences had either expired or because habeas corpus law "does not allow for the attack of an illegal sentence when it is received as a result of a negotiated plea agreement and [the Defendant] received concurrent sentencing when consecutive sentencing was required by law."

It appears that the State filed a motion to consider post-judgment facts contemporaneously with its brief in this appeal. With that motion, the State included an

affidavit from the Sentence Information Services Manager of the Tennessee Department of Correction, which indicated that all of the Defendant's underlying sentences had expired by September 29, 2016.

## ANALYSIS

Tennessee Rule of Criminal Procedure 36.1 provides, in part, that a defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). An illegal sentence is defined by Rule 36.1 as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A defendant is entitled to a hearing and the appointment of counsel if he or she states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Wooden, 478 S.W.3d at 593.

In this case, the Defendant committed a number of offenses while out on bond; therefore, the sentences he received for those offenses were statutorily required to be served consecutively. As such, the concurrent sentences he received for such offenses were illegal sentences. See id. at 595 (giving examples of sentences that are "illegal and void" to include "sentences that are ordered to be served concurrently where statutorily required to be served consecutively"). However, our supreme court has concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). According to the State's motion to consider post-judgment facts and the affidavit from the Tennessee Department of Correction Sentence Information Services Manager, all of the sentences that were run concurrently with the Defendant's life sentence had expired by September 29, 2016, during the pendency of this appeal. This court has no authority to correct an expired sentence, whether illegal or not.

Moreover, Rule 36.1(c)(3) was recently amended to provide for the following procedure:

> With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement.

> (A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall

enter an amended uniform judgment document, <u>see</u> Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

> (C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, <u>see</u> Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

Tenn. R. Crim. P. 36.1(c)(3) (2016).

The Defendant testified that concurrent sentencing was a material part of why he entered the plea agreement. Concurrent sentencing, i.e., "the illegal aspect," was clearly to the Defendant's benefit given the vast sentence he would have received had he been sentenced consecutively. Under the revised Rule 36.1, the Defendant's motion would be denied even if his sentences were not expired.

We deem it pertinent to note that to the extent the trial court relied upon the habeas corpus statute, Tennessee Code Annotated section 29-21-101(b), in denying the Defendant's motion to correct an illegal sentence, such reliance was not proper as this statute applies to defendants seeking a writ of habeas corpus and does not apply to motions to correct illegal sentences pursuant to Rule 36.1. <u>See</u> Tenn. Code Ann. § 29-21-101(b)(1) ("Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that . . . [t]he petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing."); <u>see also</u> <u>State v. Byron J. Walker</u>, No. W2016-00076-CCA-R3-CD, 2017 WL 192742, at *3 (Tenn. Crim. App. Jan. 17, 2017); <u>State v. Sean Blake</u>, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *3 (Tenn. Crim. App. Jan. 8, 2015). Although the supreme court in <u>Wooden</u> determined that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context," the court thereafter gave examples of an illegal sentence which included

-4-

"sentences that are ordered to be served concurrently where statutorily required to be served consecutively." <u>Wooden</u>, 478 S.W.3d at 595. The supreme court did not dictate that the habeas corpus statute was to be applied in 36.1 cases, as done by the trial court in this case. However, the revision of subdivision (c)(3) of Rule 36.1 "essentially incorporates the limitations on habeas corpus relief available for plea-bargained illegal sentences set forth in Tennessee Code Annotated section 29-21-101(b) (2012)." Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts.

Regardless of the trial court's reasons for denying the Defendant's Rule 36.1 motion to correct an illegal sentence, the Defendant's illegal concurrent sentences have now expired and, additionally, the Defendant benefitted from the bargained-for illegal sentence and the motion would be denied.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ALAN E. GLENN, JUDGE